UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **BRANDON BOLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO: 3:20-cv-841-GNS |
| | ) |
| **TOWER AUTOMOTIVE, INC.** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Brandon Boley ("Boley"), by counsel, against Defendant, Tower Automotive, Inc. ("Tower"), alleging violations of the American with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et. seq., and the Family and Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et seq,*.

### II. PARTIES

2. Boley, at all times relevant to this litigation, resided within the geographical boundaries of the Western District of Kentucky.

3. Defendant is a corporation which, at all times relevant to this action, conducted business in the Western District of Kentucky.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. §12117; and 29 U.S.C. §2617(a)(2).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A) and 29 U.S.C. §2611(4).

6. Boley, at all times relevant, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

7. Boley was an "employee" as that term is defined by 42 U.S.C. §12111(4).

8. Boley satisfied his obligation to exhaust his administrative remedies having timely filed Charges of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging disability discrimination. Boley received the required Notice of his Right to Sue on September 22, 2020, and timely files this action.

9. All events, transactions, and occurrences concerning this case having arisen in the geographical environs of the Western District of Kentucky, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

10. Boley was hired by Tower on May 2, 2013 as a machine operator at its plant located at 900 Nutter Drive, Bardstown, Kentucky 40004.

11. Boley reported to Chad Greer ("Greer"), Supervisor.

12. At all relevant times, Boley met or exceeded Defendant's legitimate performance expectations.

13. Defendant utilizes a point-based system to ensure appropriate attendance by its employees.

14. Under Defendant's point-based system, when an employee is absent from work, apart from allotted vacation or sick time, that employee accrues points.

15. Each employee is allowed to accrue up to seven (7) points for such absences within a given time frame, however, if they accrue seven (7) or more points during that time frame, their employment is subject to termination.

16. Boley is married to Melanie Boley and they have two children, to whom Ms. Boley is a stay at home parent.

17. Ms. Boley has been diagnosed with panic disorder and suffers with extreme and debilitating panic/anxiety attacks, which requires hospitalization at times and the after effects leave her unable to care for herself or her and Boley's children.

18. When Ms. Boley suffers from these attacks she is prescribed Zoloft and Klonopin.

18. On or about September 22, 2019, Ms. Boley suffered from such an attack and was taken to the hospital.

19. She was administered fluids, Hydroxyzine and Klonopin, then returned home in the early morning hours of September 23, 2019.

20. On that same day, Boley reported for his shift at Tower Automotive.

21. Approximately an hour after he arrived for work, Boley received a phone call from Ms. Boley, who stated that he needed to come home to help her because as a result of her disability and her recent panic attack, as well as the side effects of the medication that she was administered, she still was not able to care for herself or their children.

22. Boley spoke with his Supervisor, Greer, as he was concerned about leaving work and accruing the one (1) point that, when added to his current point total of six and a

half (6.5), would put his point total at seven and a half (7.5) and subject him to termination.

23. Greer stated to the Boley, "we'll figure it out," and allowed Boley to leave.

24. Boley missed seven (7) hours of work on that date.

25. Boley returned to work the next day on September 24, 2019.

26. Greer, in relation to the Boley's missed hours, encouraged him to apply for Family Medical Leave Act (FMLA).

27. That same day Boley obtained the necessary document to apply for FMLA and began the process.

28. Boley obtained a letter from Ms. Boley's physician which provided information about Ms. Boley's disorder.

29. That letter included the information Ms. Boley and the children may need care from Boley when she suffered panic/anxiety attacks and that such attacks could last for approximately four hours, though it did not specifically identify the amount of hours that Boley may be needed during and after an attack.

30. On or about October 3, 2019 Boley submitted the required FMLA documents to Devon Logsdon ("Logsdon"), the Plant Human Resources Manager.

31. When Boley submitted the documents to Logsdon, she reviewed them and stated that the letter from Ms. Boley's physician only allowed for leave approval of four (4) hours per day under FMLA.

32. Logsdon asked Boley if he could get that portion amended by Ms. Boley's physician, as the entire seven (7) hours that he missed on September 23, 2019 would not be approved.

33. While Boley did not agree that the physician's letter acted in such a way to put any time limit on the number of hours per day for which Boley could be approved for FMLA leave, he informed Logsdon that he could get the letter amended to clarify any confusion about the amount of hours for which he may need to take leave on a given day.

34. While the Boley had fifteen (15) days to submit the FMLA documents, he submitted those documents on or about the 10th day from the date he was required to miss work due to his wife's disability, which was September 23, 2019.

35. Boley had approximately four (5) days remaining in which he could have obtained amended documentation.

36. As Boley understood that he still had several days remaining before the deadline for which he was required to submit the FMLA forms, he informed Logsdon that he would submit the amended letter prior to that deadline.

37. Logsdon informed Boley that she would check to see if he would even need to have the letter amended.

38. On or about that same day, October 3, 2019, and approximately two (2) hours after Boley submitted the FMLA documents to the Defendant, Defendant terminated Boley's employment for exceeding his seven (7) point allotment when he missed seven (7) hours of work on September 23, 2019

39. It was confirmed that those hours were counted against him and caused him to accrue one (1) point, as his FMLA documentation allegedly did not cover the full seven (7) hours that he missed.

40. Defendant did not, in fact, allow for Boley to obtain the appropriate documentation to clarify the certification from Ms. Boley's physician.

41. Similarly situated non-disabled individuals whose performance and attendance were the same or worse than Boley were not terminated from employment.

42. Defendant's alleged reason for Boley's termination is pretext for discrimination against him because of his association with a disabled individual in violation of the American with Disabilities Act.

43. In addition, Defendant's alleged reason for Boley's termination is pretext as an attempt to avoid an employee taking leave under FMLA in direct violation of the FMLA.

44. Boley has been damaged by Defendant's actions.

## V. LEGAL ALLEGATIONS

### COUNT I: DISABILITY DISCRIMINATION

45. Boley hereby incorporates by reference paragraphs one (1) through forty-four (44) of his Complaint as if the same were set forth at length herein.

46. Defendant discriminated against Boley on the basis of his association with a disabled individual by subjecting him to disparate treatment.

47. Defendant discriminated against Boley on the basis of his association with a disabled individual by interfering with his rights under the FMLA and by failing to engage, in good faith, in Boley's FMLA application process and approval of the same .

48. Defendant's actions were intentional, willful and in reckless disregard of Boley's legally protected rights as protected by the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*

49. Boley has suffered damages as a result of Defendant's actions.

## COUNT II – FMLA - INTERFERENCE

50. Boley hereby incorporates paragraphs one (1) through forty-nine (49) of his Complaint as if the same were set forth at length herein.

51. Defendant unlawfully interfered with the exercise of Boley's rights under the FMLA.

52. Defendant's actions were intentional, willful, and in reckless disregard of Boley's rights as protected by the FMLA.

53. Boley suffered damages as a result of Defendant's unlawful actions.

## COUNT III – FMLA - RETALIATION

54. Boley hereby incorporates paragraphs one (1) through fifty-three (53) of his Complaint as if the same were set forth at length herein.

55. Defendant retaliated against Boley for exercising his rights under the FMLA.

56. Defendant's actions were intentional, willful, and in reckless disregard of Boley's rights as protected by the FMLA.

57. Boley suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Brandon Boley, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Reinstatement to his former position with the Defendant to include the same pay and benefits received prior to his termination;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendants' unlawful actions;

3. Pay compensation for any and all other damages suffered as a consequence of Defendants' unlawful actions;

4. Pay liquidated damages for Defendants' violation of the FMLA;

5. All costs and attorney's fees incurred as a result of bringing this action;

6. Pre- and post-judgment interest on all sums recoverable; and

7. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

/s/ Jennifer C. Smith
Jennifer C. Smith
Andrew Dutkanych III
BIESECKER DUTKANYCH & MACER, LLC
101 N. Seventh Street
Louisville, Kentucky 40204
Telephone:  (502) 561-3443
Facsimile:  (812) 424-1005
Email: jcornellsmith@bdlegal.com
Email: ad@bdlegal.com
*Attorneys for Plaintiff, Brandon Boley*

## DEMAND FOR JURY TRIAL

The Plaintiff, Brandon Boley, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s/ Jennifer C. Smith
Jennifer C. Smith
Andrew Dutkanych III
BIESECKER DUTKANYCH & MACER, LLC
101 N. Seventh Street
Louisville, Kentucky 40204
Telephone:   (502) 561-3443
Facsimile:    (812) 424-1005
Email: jcornellsmith@bdlegal.com

*Attorneys for Plaintiff, Brandon Boley*